UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WEI ZHANG,<br>Petitioner,<br>v.<br>FERETI SEMAIA, et al.,<br>Respondents. | Case No. 5:26-cv-5131 ADS<br><br>ORDER GRANTING PETITION |

## I. **THE PETITION**

Petitioner Wei Zhang filed the instant Petition on September 4, 2026, requesting habeas corpus relief. [Dkt. No. 1.] According to the Petition, Petitioner entered the United States without inspection on January 13, 2023. (Dkt. No. 1-1 at 4.) Petitioner was subsequently detained by immigration officials and issued a Notice to Appear on January 24, 2023. (Id.) Petitioner was released on parole on January 27, 2023, receiving written authorization for parole that would expire automatically on January 27, 2024. (Id. at 5.) After January 27, 2024, immigration officials continued to allow

Petitioner to remain free under reporting and supervision requirements. (Id.) On September 2, 2026, Petitioner was arrested by immigration officials while sitting in a car outside his residence. (Id.) Petitioner alleges he has no criminal record, attended every immigration court proceeding, and has complied with every known obligation. (Id.) Petitioner further alleges he did not receive notice prior to his re-detention or a bond hearing. (Id.)

Petitioner alleges the following ground for relief: re-detention in violation of the procedural due process clause of the Fifth Amendment. (Id. at 6-9.) Petitioner requests immediate release from custody, an injunction ordering Respondents to not re-detain her without showing, by clear and convincing evidence, that changed circumstances establish Petitioner poses a danger to the community or flight risk, and declaratory relief. (Id. at 9-10.) If the Court declines to grant release, Petitioner seeks a bond hearing within seven days, at which the Government proves danger or flight risk by clear and convincing evidence and the decisionmaker considers alternatives to detention and ability to pay. (Id. at 10.)

## II. PROCEDURAL HISTORY

On September 4, 2026, Respondents received notice of General Order 26-05, requiring Respondents to file an answer within 7 days. (Dkt No. 5.) No responsive pleading was filed. On September 14, 2026, the Court issued an order to show cause requiring a response from Respondents by no later than September 16, 2026. (Dkt. No. 10.) To date, Respondents have not appeared in the case.

## III. ANALYSIS

The Due Process Clause prohibits deprivations of life, liberty, and property without due process of law. See U.S. Const. amend. V. It is settled law that noncitizens

within the United States are entitled to due process "whether their presence here is lawful, unlawful, temporary, or permanent." Zadvydas v. Davis, 533 U.S. 678, 693 (2001). As a matter of due process, many courts have found that noncitizens released on conditional parole are entitled to a pre-deprivation bond hearing prior to re-detainment. See Nath v. Chestnut, No. 1:26-CV-01800-DC-CKD (HC), 2026 WL 743356, at *1 (E.D. Cal. Mar. 17, 2026) (collecting cases); see also R.A.N.O. v. Wofford, 820 F. Supp. 3d 1094, 1105 (E.D. Cal. 2026) ("The Court concludes that a pre-deprivation hearing is necessary to satisfy due process"); see also E-M- v. Hermosillo, No. 3:25-CV-1083-SI, 2026 WL 883776, at *6 (D. Or. Mar. 31, 2026) (stating there are "overwhelming authorities holding that after a noncitizen has been released on conditional parole, due process requires notice and a pre-deprivation hearing"); but see Kilroy v. Los Angeles Unified Sch. Dist., No. CV 16-09068-DMG-JDE, 2018 WL 7916367, at *10 (C.D. Cal. Dec. 6, 2018), report and recommendation adopted sub nom., 2019 WL 1429615 (C.D. Cal. Mar. 29, 2019), aff'd, 810 F. App'x 558 (9th Cir. 2020) ("The Supreme Court has emphasized that due process is flexible and has rejected the proposition that due process always requires a pre-deprivation hearing" (citation omitted)).

Petitioner claims that his due process rights have been violated because he was re-detained without prior notice or a hearing. (Dkt. No. 1-1 at 6.) Respondents have not appeared to defend this case. Therefore, Respondents have not provided any argument regarding whether Petitioner was entitled to a pre-deprivation notice and a hearing prior to the revocation of his release. Respondents' failure to appear and defend the case is a concession to the Petition and its requested relief. Therefore, the

unopposed Petition is granted.[1] However, to the extent Petitioner seeks an injunction against future detention without notice and a hearing, the Court does not consider it necessary to provide additional relief addressing a hypothetical possibility that Respondents may re-detain Petitioner. See Meza-Hernandez v. Marin, No. 5:26-CV-00813-MCS-JDE, 2026 WL 1333740, at *1 (C.D. Cal. May 13, 2026) ("[T]he Court will not grant habeas relief that exceeds the scope of the claims in the petition or is based on speculation about what might happen after Petitioner's release.").

## IV. CONCLUSION

Accordingly, IT IS HEREBY ORDERED:

1. The Petition is granted;
2. Respondents must immediately release Petitioner Wei Zhang (A# 246-309-291) from immigration detention;
3. Judgment shall be entered accordingly.

Dated: September 18, 2026

/s/ Autumn D. Spaeth
THE HONORABLE AUTUMN D. SPAETH
United States Magistrate Judge

[1] In our adversarial system of adjudication, we follow the principle of party presentation" meaning that "in both civil and criminal cases, in the first instance and on appeal . . . we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." United States v. Sineneng-Smith, 590 U.S. 371, 375 (2020) (citation modified). Further, "as a general rule, our system is designed around the premise that [parties represented by competent counsel] know what is best for them, and are responsible for advancing the facts and argument entitling them to relief." Id. at 375–76 (citation modified).